FILED
CLERK, U.S. DISTRICT COURT
MAY 15 2012
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

NOTE CHANGES MADE BY THE COURT

1  JONATHAN M. TURNER, State Bar No. 102579
   jmt@epsteinturnerweiss.com
2  GAIL E. WISE, State Bar No. 240644
   gew@epsteinturnerweiss.com
3  EPSTEIN TURNER WEISS
4  A Professional Corporation
5  633 W. Fifth Street, Suite 3330
6  Los Angeles, California 90071
7  Telephone: (213) 861-7487
   Facsimile:  (213) 861-7488
8
9  Attorneys for defendant
   ADVANCED MEDICAL ANALYSIS, LLC
10

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARABED YEGAVIAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED MEDICAL ANALYSIS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; and DOES 1 through 10, inclusive,<br><br>Defendant. | CASE NO.: LACV11-5530 CBM (SSx)<br><br>Assigned for all purposes to<br>The Honorable Suzanne H. Segal<br>Room 23, 3rd Floor<br><br>**STIPULATION FOR PROTECTIVE ORDER** |

Epstein Turner Weiss
A Professional Corporation
633 W. Fifth Street,
Suite 3330
Los Angeles, CA 90071

**STIPULATION FOR PROTECTIVE ORDER**

The following Stipulation is entered into by and between Garabed Yegavian ("Plaintiff") and Advanced Medical Analysis, LLC ("Defendant") through their respective counsel of record. This Stipulation is made with reference to the following facts:

1. Plaintiff has filed the instant action for unpaid overtime under state and federal law, improper pay stubs and unfair business practices with respect to his employment with Defendant.

2. All parties are engaging in discovery, including depositions and the inspection of documents from each other and/or various third parties.

3. Some, if not all, of the information which has been obtained and which may be sought by the parties from each other and/or third parties during the course of discovery may relate to sensitive business and financial information, including computer software and systems; vendor contracts, negotiations and pricing; business strategies, plans and projections; laboratory procedures, methods and equipment; policies regarding compensation and benefits; and client and patient information.

4. Based upon the foregoing, the parties hereby agree and stipulate pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and respectfully request that the Court enter the following Protective Order ("Order").

5. For purposes of this Order, "Confidential Information" means: information of any type, kind, or character that a Party believes, in good faith,

Epstein Turner Weiss
A Professional Corporation
633 W. Fifth Street,
Suite 3330
Los Angeles, CA 90071

-1-
**STIPULATION FOR PROTECTIVE ORDER**

G:\!GRP\!CASES\207-708-06\Pleadings\Stip for Protective Order 02\Stipped PO With Courts Changes.FINAL.doc

contains a sufficient privacy or business interest to preclude general dissemination of the information and that the party designates as "Confidential Information."

6. A party or a third party may hereafter designate as "Confidential Information" information contained in answers to interrogatories, requests for admissions, deposition testimony, testimony in court proceedings, pleadings, instruments and/or any other materials produced either by a party in this litigation or by a third party who/which is not a party in the litigation. A party or a third party designating information as "Confidential Information" shall make the designation only for information that the party or third party, in good faith, reasonably believes contains "Confidential Information."

7. For the purposes of this Order, "Supplying Party" means a party to this litigation or a third party who/which is not a party in the litigation who hereafter supplies either "Confidential Information" during this litigation and designates such information as "Confidential Information" according to the terms of this Order.

8. For the purposes of this Order, "Receiving Party" means a party to this litigation to whom a Supplying Party produces "Confidential Information."

9. The Supplying Party shall hereafter designate "Confidential Information" in pleadings or other filings, written discovery requests, or responses thereto by marking the instrument in question as "Confidential Information" on all pages on which such "Confidential Information" appears or, in the case of multiple-

Epstein Turner Weiss
A Professional Corporation
633 W. Fifth Street,
Suite 3330
Los Angeles, CA 90071

-2-
**STIPULATION FOR PROTECTIVE ORDER**

G:\!GRP\!CASES\207-708-06\Pleadings\Stip for Protective Order 02\Stipped PO With Courts Changes.FINAL.doc

paged documents, by marking the first page of a stapled set or group of documents as "Confidential Information," or, in the case of electronically stored information, by listing in a separate writing to the Receiving Party the file or folder that contains confidential information, which writing shall be provided concurrently with the electronically stored information, and by inserting the words "Confidential Information" in the name of the corresponding file or folder. The designation of a folder as "Confidential Information" shall apply to all subfolders within that folder. A party may designate "Confidential Information" contained in a witness's deposition or in-court testimony by marking the transcript of the testimony "Confidential Information" on all pages where such "Confidential Information" appears within 30 days after the date the original or a copy of the transcript of such testimony is received by the Supplying Party. All testimony by a party or a party's employees is automatically considered to be "Confidential Information" until the above 30-day time period expires. Additionally, a party may designate as "Confidential Information" information disclosed during testimony by stating on the record at the deposition or court proceeding the specific portions or categories of testimony that are "Confidential Information." To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential Information," with blank, consecutively numbered pages being provided in a non-designated main transcript. A separate transcript containing "Confidential

Epstein Turner Weiss
A Professional Corporation
633 W. Fifth Street,
Suite 3330
Los Angeles, CA 90071

-3-

**STIPULATION FOR PROTECTIVE ORDER**

G:\!GRP\!CASES\207-708-06\Pleadings\Stip for Protective Order 02\Stipped PO With Courts Changes.FINAL.doc

Information" information shall have page numbers that correspond to the blank pages in the main transcript.

10. Material designated as "Confidential Information" shall not be shown to, discussed with, or otherwise disclosed to, any person other than the following "Qualified Persons," and then only for purposes of this litigation and subject to paragraph 11 below:

(a) The parties and their related affiliates, including such companies' shareholders, directors, officers, and employees of the parties who are involved in the prosecution or defense of this action and who have a need to access the Confidential Information for purposes of prosecuting or defending this lawsuit, and who have signed the Acknowledgement of Protective Order, attached hereto as Exhibit 1;

(b) Outside attorneys employed or retained by the parties for purposes of this litigation and their staff who are working on the prosecution and defense of this lawsuit;

(c) Third party experts retained by any of the parties or its attorneys for the purpose of assisting in the preparation of the party's case, who have signed the Acknowledgement of Protective Order, attached hereto as Exhibit 1;

Epstein Turner Weiss
A Professional Corporation
633 W. Fifth Street,
Suite 3330
Los Angeles, CA 90071

-4-
**STIPULATION FOR PROTECTIVE ORDER**

(d) The insurance companies of the parties and their related affiliates, including such companies' shareholders, directors, officers, and employees of those insurance companies;

(e) The Court, other court officials (including court reporters), and the jury or other trier of fact; and

(f) Those persons subject to the provisions in paragraph 12.

11. Before a Receiving Party makes any disclosure of "Confidential Information" to a Qualified Person, the Receiving Party shall provide the Qualified Person with a copy of this Order. The Receiving Party shall also, before disclosing the "Confidential Information" to a Qualified Person, require that Qualified Person to agree to be bound by this protective order by signing an Acknowledgement of Protective Order, attached hereto as Exhibit 1. This requirement does not apply to the court and court personnel. The Receiving Party shall keep a file containing all such Acknowledgements.

12. If counsel for a Receiving Party, desires to disclose any document or information designated "Confidential Information" to any person other than permitted Qualified Persons described in paragraph 10(a)–(f) above, at a discovery deposition or for any purpose necessary for this litigation, counsel shall give at least five business days advance notice of the intended disclosure to Supplying Party of such "Confidential Information" so that the Supplying Party may object to the intended

Epstein Turner Weiss
A Professional Corporation
633 W. Fifth Street,
Suite 3330
Los Angeles, CA 90071

-5-
**STIPULATION FOR PROTECTIVE ORDER**

disclosure. The procedure for making and resolving any such objection shall be as follows:

    (a)    Any objection must be in writing and state the reasons for such objection;

    (b)    After written objection is made, no disclosure of "Confidential Information" shall be made to the person until the matter is resolved by agreement of the parties or by the Court;

    (c)    Within ten calendar days after the Receiving Party gives notice to the Supplying Party, the Supplying Party may move the Court for a protective order pursuant to Local Rule 37 denying disclosure of the "Confidential Information" to the subject person. The Receiving Party shall respond pursuant to Local Rule 37. If no protective order is sought, the Supplying Party will be deemed to have waived any objection to such disclosure, but not to the designation as "Confidential Information."

    (d)    Upon motion and briefing as set forth in subparagraph 12(c), the Court shall then make a determination without further briefing, submission, or hearing, unless expressly ordered by the Court. Nothing herein shall preclude a Receiving Party from using "Confidential Information" produced by a Supplying Party when

Epstein Turner Weiss
A Professional Corporation
633 W. Fifth Street,
Suite 3330
Los Angeles, CA 90071

-6-

STIPULATION FOR PROTECTIVE ORDER

G:\!GRP\!CASES\207-708-06\Pleadings\Stip for Protective Order 02\Stipped PO With Courts Changes.FINAL.doc

examining or cross-examining the Supplying Party or its representatives during depositions, hearings, or the trial of this cause.

13.  If a Receiving Party files with the Court any pleading, deposition, or other paper containing "Confidential Information," it may upon request to and approval by the Supplying Party be filed without seal or restriction; if objected to by the Supplying Party, it shall be filed with a request to the Court that it be filed under temporary seal pursuant to Local Rule 79.  All proceedings involving or relating to documents containing confidential information shall be conducted in open court unless objected to by the Supplying Party and ordered by the Court to be conducted *in camera*.  Even if a Supplying Party approves the filing with the Court of any pleading, deposition, or other paper containing "Confidential Information" without seal or restriction, the filing party must still comply with all applicable laws and court rules governing and related to redaction of personal and confidential information, including, but not limited to, the requirements of Federal Rule of Civil Procedure 5.2.

14.  Whenever a party objects to the designation of any material as "Confidential Information," it may file a motion to challenge the designation pursuant to Local Rule 37 and the Supplying Party has the burden to show that the material is appropriately designated as "Confidential Information."

15.  All "Confidential Information" produced or provided in this litigation

Epstein Turner Weiss
A Professional Corporation
633 W. Fifth Street,
Suite 3330
Los Angeles, CA 90071

-7-
**STIPULATION FOR PROTECTIVE ORDER**

G:\!GRP\!CASES\207-708-06\Pleadings\Stip for Protective Order 02\Stipped PO With Courts Changes.FINAL.doc

shall be used by a Receiving Party solely for the limited purposes of this litigation, and for no other purpose, and shall not be disclosed or communicated to anyone in connection with this litigation, except according to this Order.

16. A Receiving Party is not obligated to challenge the propriety of a designation of material as "Confidential Information" at the time made, and a failure to do so shall not preclude a subsequent challenge.

17. This Order is without prejudice to either party's right to oppose production or admissibility of documents or information. This Order shall not be construed to require either party to produce any document or information that is not subject to discovery under applicable federal law.

18. "Confidential Information" disclosed in this litigation shall be preserved as confidential both during and after final disposition of this litigation. Upon written request, within 90 days after the final settlement or resolution of this case, each Receiving Party shall return to the Supplying Party all material containing either "Confidential Information" (excluding materials which are subject to the attorney-client privilege, work product immunity, or any other privilege or immunity) and all copies, notes, tapes, other materials, and any other medium containing, summarizing, excerpting, or otherwise embodying any such "Confidential Information" or its contents (including "Confidential Information" provided to all experts and Receiving Parties pursuant to this Order), except that the Receiving Party's counsel may, solely

Epstein Turner Weiss
A Professional Corporation
633 W. Fifth Street,
Suite 3330
Los Angeles, CA 90071

-8-
**STIPULATION FOR PROTECTIVE ORDER**

G:\GRP\CASES\207-708-06\Pleadings\Stip for Protective Order 02\Stipped PO With Courts Changes.FINAL.doc

for record-keeping purposes, retain his or her files intact; however, such counsel shall not use or disclose any "Confidential Information" for any purpose other than preserving the integrity of his/her files. All deposition transcripts (or portions thereof), exhibits, and any such materials returned to the parties or their counsel by the Court, that contain "Confidential Information" shall be returned as set forth above. To the extent material containing "Confidential Information" has been disclosed to a non-party whose identity has not been revealed (such as a consulting expert), the Receiving Party that disclosed the "Confidential Information" agrees to secure from the non-party the return of such material. Alternatively, the Receiving Party may destroy any "Confidential Information" that the Supplying Party has asked it to return. If the Receiving Party elects to destroy the requested material, it shall promptly destroy the information and give the Supplying Party an affidavit confirming that it has destroyed the requested information.

19. Either party may seek at any time written permission from the other party or an Order of the Court *pursuant to L.R. 37* regarding a dissolution or modification of this Order.

20. If a Receiving Party, or anyone to whom a Receiving Party transmits "Confidential Information" pursuant to this Order, is requested or becomes legally compelled (by oral questions, interrogatories, request for information or documents, subpoena, civil investigative demand or similar process) to disclose any of the "Confidential Information," the Receiving Party will provide the Supplying Party

Epstein Turner Weiss
A Professional Corporation
633 W. Fifth Street,
Suite 3330
Los Angeles, CA 90071

-9-

**STIPULATION FOR PROTECTIVE ORDER**

G:\!GRP\!CASES\207-708-06\Pleadings\Stip for Protective Order 02\Stipped PO With Courts Changes.FINAL.doc

with prompt written notice so that the Supplying Party may seek a protective order or other appropriate remedy or waive compliance with this Order. If the Supplying Party does not obtain a protective order or other remedy or waives compliance with this Order, the Receiving Party will furnish only that portion of the "Confidential Information" that it is legally required to produce and will provide notice to the requesting party that the information is Confidential and subject to this Order.

21. Notwithstanding the foregoing, any "Confidential Information" covered by this Order may be used by any party at any Court proceeding, including, but not limited to, any hearing or trial, conducted in the course of this litigation, subject to such rulings as the Court may then make regarding its continued confidentiality and admissibility. This Order does not affect the admissibility of evidence at the trial of, or any hearing in, this case.

22. Nothing in this Order shall prevent any of the parties from using or disclosing (a) their own documents or information or (b) documents or information obtained by them in their business or through legitimate means other than discovery in this Lawsuit.

23. Any party who, in good faith, believes that any "Confidential Information" contains or reflects trade secrets or confidential proprietary information of such a sensitive nature that disclosure should not be made to the other party (or third party) or any employee, agent, officer, or director of the other party (or third

Epstein Turner Weiss
A Professional Corporation
633 W. Fifth Street,
Suite 3330
Los Angeles, CA 90071

-10-
**STIPULATION FOR PROTECTIVE ORDER**

G:\!GRP\!CASES\207-708-06\Pleadings\Stip for Protective Order 02\Stipped PO With Courts Changes.FINAL.doc

party) may designate such documents or information. Documents and information designated shall not be disclosed to any persons other than Qualified Persons described in subparagraphs 10(b), (c), or (e) above.

24.  Nothing herein shall prevent any party from using "Confidential Information" when examining or cross examining any person as to any subject to which the Confidential Information is relevant, regardless of which party produced the information. Moreover, nothing herein prevents a Supplying Party from using any information that it has supplied for any purpose.

25.  If a party produces or files documents with redactions of private or privileged information (e.g., consumer social security numbers), the Receiving Party shall treat the redactions as "Confidential Information" as provided in this Order.

26.  Inadvertent production of any document that a party or non-party later claims should not have been produced because of a privilege, including, but not limited to, attorney-client privilege or attorney work product, will not be deemed to waive any privilege. A party or non-party may request the return of any inadvertently produced privileged document by identifying the document inadvertently produced and stating the basis for withholding such document from production. If a party or non-party requests the return of any inadvertently produced privileged document then in the custody of another party or non-party, the possessing party shall within three (3) calendar days destroy or return to the requesting party or non-party the

Epstein Turner Weiss
A Professional Corporation
633 W. Fifth Street,
Suite 3330
Los Angeles, CA 90071

-11-

**STIPULATION FOR PROTECTIVE ORDER**

G:\GRP\CASES\207-708-06\Pleadings\Stip for Protective Order 02\Stipped PO With Courts Changes.FINAL.doc

inadvertently produced privilege document (and all copies thereof) and shall expunge from any other document or material information solely derived from that document.

27.  The terms of this Order shall survive and remain in full force and effect after the termination of this litigation.

**IT IS SO STIPULATED.**

Dated: 5/14/12

Dated: 5/15/12

LAW OFFICES OF MICHAEL TRACY

By: _____
MICHAEL TRACY
MICHAEL VELARDE
Attorneys for Plaintiff,
GARABED YEGAVIAN

EPSTEIN TURNER WEISS, P.C.

By: _____
JONATHAN M. TURNER
GAIL E. WISE
Attorneys for Defendant, ADVANCED MEDICAL ANALYSIS, LLC

Epstein Turner Weiss
A Professional Corporation
633 W. Fifth Street,
Suite 3330
Los Angeles, CA 90071

-12-

STIPULATION FOR PROTECTIVE ORDER

# EXHIBIT 1

# EXHIBIT 1

I hereby acknowledge receipt of, and that I have read a copy of, the Protective Order (the "Protective Order") in the above-entitled action. I agree that I will be bound by the provisions of the Protective Order with respect to any Confidential Information, or any documents containing Confidential Information, provided to me under the terms thereof.

I agree that if I receive any Confidential Information, or any documents containing Confidential Information, I will not use or disclose any such Confidential Information, or make any copies of any documents containing Confidential Information, except as permitted by the Protective Order. I further understand that if I fail to comply with the terms of the Protective Order, I may be subject to sanctions by the Court and I hereby consent to personal jurisdiction of the United States District Court, Central District of California, with respect to any matter relating to or arising out of the Protective Order.

Executed this ___ day of _____, 20___, at _____, _____.

_____
(signature)

_____
(print or type name)

Epstein Turner Weiss
A Professional Corporation
633 W. Fifth Street,
Suite 3330
Los Angeles, CA 90071

- 1 -
EXHIBIT 1

JONATHAN M. TURNER, State Bar No. 102579
jmt@epsteinturnerweiss.com
GAIL E. WISE, State Bar No. 240644
gew@epsteinturnerweiss.com
EPSTEIN TURNER WEISS
A Professional Corporation
633 W. Fifth Street, Suite 3330
Los Angeles, California 90071
Telephone: (213) 861-7487
Facsimile: (213) 861-7488

Attorneys for defendant
**ADVANCED MEDICAL ANALYSIS, LLC**

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GARABED YEGAVIAN, an individual,**<br><br>Plaintiff,<br><br>v.<br><br>**ADVANCED MEDICAL ANALYSIS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; and DOES 1 through 10, inclusive,**<br><br>Defendant. | CASE NO.: LACV11-5530 CBM (SSx)<br><br>Assigned for all purposes to<br>The Honorable Suzanne H. Segal<br>Room 23, 3rd Floor<br><br>**PROPOSED ORDER APPROVING STIPULATION FOR PROTECTIVE ORDER** |

Epstein Turner Weiss
A Professional Corporation
633 W. Fifth Street,
Suite 3330
Los Angeles, CA 90071

**PROPOSED ORDER APPROVING STIPULATION FOR PROTECTIVE ORDER**

Upon the stipulation of the parties and for good cause shown, IT IS ORDERED THAT pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Amended Stipulated Protective Order attached hereto as Exhibit A is approved and the parties are bound by it.

DATED: 5/15/12

~~DISTRICT COURT JUDGE~~

Suzanne H. Segal
U.S. Magistrate Judge

Epstein Turner Weiss
A Professional Corporation
633 W. Fifth Street,
Suite 3330
Los Angeles, CA 90071

-1-

**PROPOSED ORDER APPROVING STIPULATION FOR PROTECTIVE ORDER**